IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD L. CAMPBELL,<br><br>        Plaintiff,<br><br>vs.<br><br>SHELLY HEPBURN, individually<br>Director of Our Homes Assisted Living;<br><br>        Defendant. | 4:18CV3065<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff Richard L. Campbell filed his Complaint on May 3, 2018. ([Filing No. 1](#).) He has been given leave to proceed in forma pauperis. ([Filing No. 5](#).) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915(e)(2)](#).

## I. SUMMARY OF COMPLAINT

      Plaintiff has filed this action pursuant to 42 U.S.C. § 1983 against Defendant Shelly Hepburn ("Defendant"), the Director of Our Homes Assisted Living, alleging Defendant deprived him of his rights to due process and equal protection under the Fifth and Fourteenth Amendments. Plaintiff alleges that on April 13, 2018, Plaintiff went to Our Homes Assisted Living to visit his brother and was denied access by Defendant. Defendant informed Plaintiff that he was banned and barred from the facility, no longer allowed to visit his brother, and that he would be arrested if he returned to the facility. Defendant did not provide Plaintiff with any reason for banning and barring him. As relief, Plaintiff seeks $250,000 in compensatory damages and $250,000 in punitive damages.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff has filed this action pursuant to 42 U.S.C. § 1983. To state a § 1983 cause of action, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th

Cir. 1993). Because Plaintiff does not allege that Defendant is a person acting under color of state law, he fails to state a § 1983 claim and, consequently, fails to set forth grounds for the court's jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Here, Plaintiff alleges jurisdiction under 42 U.S.C. § 1983 "for violation of his civil rights . . . under color of federal law," (filing no. 1 at CM/ECF p. 2, ¶ 3), but fails to allege that Defendant is a state actor or that her conduct is attributable to the state. *See West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."). Consequently, there is no discernible "federal question" alleged in the Complaint as Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

Moreover, Plaintiff has not alleged that Defendant is a citizen of a different state as required by 28 U.S.C. § 1332. Thus, the allegations of the Complaint also fail to establish diversity of citizenship jurisdiction.

On the court's own motion, Plaintiff will have 30 days in which to file an amended complaint that clearly sets forth a basis for this court's jurisdiction.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **October 29, 2018**, to amend his Complaint to clearly set forth a basis for this court's jurisdiction. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **October 29, 2018**: check for amended complaint.

Dated this 27th day of September, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge